This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 31,233**

**HECTOR ALBA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Stephen Bridgforth, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Adrianne R. Turner, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant Hector Alba appeals his convictions for aggravated assault with a

deadly weapon and tampering with evidence. This Court filed a notice of proposed summary disposition proposing to affirm, and Defendant filed a memorandum in opposition, which we have given due consideration. We affirm the district court.

**PRE-ARREST SILENCE**

We briefly address two of Defendant's issues. First, Defendant asserts that the district court erred when it allowed evidence that commented on his pre-arrest silence. [MIO 5-6] The evidence in question consisted of a police officer's testimony that Defendant would not come out of his house for one-and-a-half to two hours after police arrived in response to the victim's allegation that Defendant had attacked him in the course of his attempt to repossess a vehicle at Defendant's address. [Id.] At closing argument, the prosecutor told jurors that they could use this evidence in assessing Defendant's credibility. [Id.] Defendant notes that Rule 11-607 NMRA allows the testimony of any witness to be impeached, but that this could not have been a reason for admitting the officer's testimony because Defendant had not yet testified at that point and there was thus nothing to impeach. [MIO 6]

We first note that in *State v. DeGraff*, 2006-NMSC-011, ¶ 14, 139 N.M. 211, 131 P.3d 61, our Supreme Court recognized the absence of any constitutional limitation on a defendant's pre-arrest silence, although admissibility of such silence is still subject to evidentiary rules regarding whether the prejudicial effect of the

evidence substantially outweighs its probative value under Rule 11-403 NMRA. We continue to believe that at the time it was admitted, evidence of Defendant's refusal to come out of his home and speak with the officers was evidence of consciousness of guilt by concealment. *See, e.g.*, *State v. Rodriguez*, 23 N.M. 156, 176, 167 P. 426, 432 (1917) (identifying factors, including concealment, as to which evidence may be admitted to show consciousness of guilt). Defendant's later testimony that he did not attack the victim required the jury to assess Defendant's credibility, and evidence of his behavior demonstrating consciousness of guilt could properly be weighed in considering the credibility of his version of events. Accordingly, we affirm the district court on this issue.

**COMMENTS DURING CLOSING ARGUMENTS**

Second, we acknowledge that some of the prosecutor's comments during closing argument pushed the boundaries of what constitutes impermissible conjecture, but were nonetheless within the district court's discretion to allow.

> The prosecution is allowed reasonable latitude in closing argument. The district court has wide discretion to control closing argument, and there is no error absent an abuse of discretion or prejudice to the defendant. . . . The question on appeal is whether the argument served to deprive defendant of a fair trial.

*State v. Clark*, 1999-NMSC-035, ¶ 52, 128 N.M. 119, 990 P.2d 793 (internal quotation marks and citation omitted). A prosecutor's closing argument may "[state]

conclusions and inferences reasonably drawn from the facts and circumstances." *State v. Duffy*, 1998-NMSC-014, ¶ 59, 126 N.M. 132, 967 P.2d 807 (internal quotation marks and citation omitted).

We continue to believe that the comments regarding what kind of parent Defendant was in asking his children to tell officers that he was not there, and regarding Defendant and his wife "getting their story straight" during the period when they did not speak to officers, were reasonable inferences that the jury could make based on the evidence, and were within the latitude allowed in closing arguments. We also believe that the comments were not prejudicial because they did not relate directly to commission of the acts alleged; rather, they related to what Defendant may have done during the period of concealment. As discussed above, we believe evidence concerning this concealment was admissible.

**CONCLUSION**

We affirm Defendant's convictions for the reasons above and in our notice of proposed summary disposition.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**RODERICK T. KENNEDY, Judge**